## In re TRIPP'S ESTATE.

County Judge's Court, Palm Beach County.
December 15, 1951.

———•———

C. H. Earnest, West Palm Beach, for the executrix.

RICHARD P. ROBBINS, County Judge.

This cause came on before me upon the petition of Helen Dregge Tripp, as executrix of the last will and testament of George Brown Tripp, deceased, for an order construing the provisions of said will so that the intentions of the testator may be ascertained and the terms of the will carried out and distribution made in accordance therewith.

The opinion is by Honorable JACK F. WHITE, County Judge of Pinellas County, acting as amicus curiae by request of the court:

The problem of the executrix under the will of the above named decedent as set forth in the petition for construction is to properly determine the value of a certain devise by the testator to his son John Hibbard Tripp.

The petition discloses that by deed of October 18, 1948 and by written agreement of December 16, 1948, John Hibbard Tripp, a son of George Brown Tripp, now deceased, became owner by the entirety of an undivided one-fourth fee interest in certain real estate in the town of Palm Beach, assuming the obligation of one-third of the mortgage indebtedness,

taxes and similar charges existing and accruing against the property. The remaining three-fourths title interest was vested by the same means two-fourths (one-half) in the father, George Brown Tripp, by entirety and one-fourth in Eleanor Pelton Shaw, a femme sole, each likewise assuming one-third of the mortgage indebtedness, taxes and similar charges.

The total original purchase price of the property was $42,500, $7,500 of which was paid in cash by George Brown Tripp, and the balance of $35,000 by means of a purchase money mortgage to one Margaret Hays Easton. A further cash sum of $10,000 appears to have been advanced by the same George Brown Tripp and expended on improvements to the property, the aggregate cost of the property and the improvements being $52,500 and the aggregate payments of $17,500 being made in their entirety by George Brown Tripp. It appears that the assumption by the three owners of equal one-third responsibility with respect to the payment of the mortgage indebtedness, taxes and similar accruing obligations constituted a part of the consideration for the agreement.

In April 1949 Eleanor Pelton Shaw conveyed her undivided one-fourth interest to the other two owners. A copy of this conveyance is not incorporated in the petition but the petition is assumed to be correct in asserting that the conveyance had the effect of vesting an undivided five-eighths interest in George Brown Tripp by the entirety and an undivided three-eighths interest in his son, John Hibbard Tripp, by the entirety, at the same time increasing the *in personam* mortgage responsibility of said owners to one-half each. The gross appraised value of the entire property at the time of the testator's death was $54,000.

George Brown Tripp, having survived his wife, died on January 14, 1951 devising all his interest in said property to his son and co-tenant, John Hibbard Tripp. He devised other described property to another son, George Brown Tripp, Jr., and specifically provided that the devises should be equalized as between the two sons by cash payment out of his estate to the son whose devise had the lowest appraised value.

The executrix set forth in her petition two possible methods of computing the value of the devise to the son, John Hibbard Tripp, and asks the court to determine which of the two

methods is correct. The first method would take the appraised gross value of the entire property, i.e.—$54,000, and subtract therefrom the total mortgage indebtedness as of the testator's death, i.e.—$32,367.88, which would leave a net value of $21,632.12, then taking five-eighths of such gross valuation which would result in the sum of $13,520.06 as the net value of the devise of the testator's five-eighths interest. The other method would take five-eighths of the total appraised value of the property which would be $33,750 and deduct therefrom one-half of the mortgage indebtedness, which would be $16,183.94, leaving a net valuation of the devise in the sum of $17,566.06.

The first method of computation would not take into account the relative obligations of the fractional interests or ownerships of the property with respect to the mortgage indebtedness and therefore is based upon a false premise. The son, John Hibbard Tripp, owning three-eighths of the fee was, by contract, effectively obligated to pay a relatively larger proportion of the mortgage indebtedness, to-wit: one-half thereof; the testator at the time of his death owning five-eighths of the fee was obligated by contract to pay one-half of the mortgage indebtedness. So the second method of computation is correct and the value of the devise of the testator's five-eighths interest in said property subject to liability for one-half of the mortgage indebtedness would be five-eighths of $54,000 which is $33,750 less one-half of the mortgage indebtedness equaling $16,183.94, leaving a net valuation of $17,566.06.

Although it is not material in determining the value of the bequest, it is interesting to note that if the testator in his lifetime had sold or otherwise disposed of his interest in the property to his son under paragraph 6 of the agreement, he would have been entitled to receive a consideration "equal to the actual cash investment" that he had in the property. This cash investment appears to have been not less than $17,500 represented by $7,500 down payment and $10,000 advanced and expended for improvements. So the method of computation of the value of the devise as set forth in sub-paragraph (b) of paragraph 6 of the executrix' petition is not only the legally proper method but also appears to be in accord with the principles of equity and good conscience.

I fully concur in the opinion of Judge White and agree that

the proper method of making distribution is contained in formula (b) as set forth in the petition as follows:

| | |
|---|---|
| 5/8 of appraised value of real estate | $33,750.00 |
| Less ½ of mortgage indebtedness | 16,183.94 |
| Net devise | $17,566.06 |

It is so ordered.